UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 07-C-715

NORTHEAST COMMUNICATIONS OF WISCONSIN, INC.,

    Defendant.

**ORDER**

The court has reviewed the parties' summary judgment briefs, as well as the recent D.C. Circuit opinion filed by the United States. Before a ruling is made on the merits of the action, I believe the case would benefit from additional briefing on the question of subject matter jurisdiction, as outlined below. The parties are directed to file jurisdictional briefs with this court on or before June 2, setting forth their positions on the extent of this court's jurisdiction to consider certain of the defendant's defenses to this forfeiture action.

The government, at page 19 of its brief, has argued that a district court lacks jurisdiction over challenges to the anti-collusion rule at issue in this case. It notes that "District court jurisdiction over an unpaid forfeiture under section 504 does not extend, however, to challenges, raised in defense of a forfeiture recovery action, to the validity of FCC regulatory decisions." It thus argues that this court lacks jurisdiction to consider one of Northeast's challenges to the anti-collusion rule.

But it appears Northeast has raised *several* defenses that challenge the validity of the anti-

collusion rule itself, rather than merely the rule's application to Northeast. For instance, it has challenged the rule's constitutionality as a prior restraint, and it asserts that the rule is vague and arbitrary. The government has addressed these arguments on their merits, however, without arguing that this court lacks jurisdiction. Although the government's jurisdictional objection appears limited to one particular aspect of Northeast's challenge, it is unclear why the government's jurisdictional objection (if it is a valid one) would not apply to the other challenges to the rule as well.

The jurisdictional question has vexed a few other courts in recent years. It is clear of course that district courts have jurisdiction over forfeiture actions, and one might reasonably expect that a party against whom a forfeiture is sought would be entitled to raise any defenses to the forfeiture in the forfeiture proceeding in district court. As Judge Morris Arnold noted in a similar case, "Until today I had not supposed that anyone could plausibly maintain that any court of the United States, properly seized of jurisdiction of a suit, did not also have jurisdiction to consider constitutional defenses to that suit." *See United States v. Any and all Radio Station Transmission Equipment,* 169 F.3d 548, 554 (8th Cir. 1999) (M. Arnold, J., concurring in the result). Yet Judge Arnold's view did not carry the day. The Eighth Circuit granted rehearing in that case and found that the district court lacked jurisdiction over the defendant's constitutional challenge to the FCC's regulations: "A defensive attack on the FCC regulations is as much an evasion of the exclusive jurisdiction of the Court of Appeals as is a preemptive strike by seeking an injunction. Whichever way it is done, to ask the district court to decide whether the regulations are valid violates the statutory requirements." *United States v. Any and all Radio Station Transmission Equipment,* 207 F.3d 458, 463 (8th Cir. 2000).

A more recent district court opinion summarized the problem as follows:

> These statutes create somewhat of a quandary with regard to which court has jurisdiction over actions involving the Commission and the Act. The courts seem to have resolved the question by finding that actions which raise issues with regard to the facts underlying a forfeiture order, such as whether the conduct at issue violated the Act or its regulations, or which require the court to construe the regulations supporting a forfeiture order, are governed by 47 U.S.C. § 504 and are properly resolved by the district court. On other hand, actions which attack the legality of the Act or its regulations are properly characterized as proceedings to enjoin, set aside, annul or suspend any order of the Commission under this Act and must be addressed by the appellate courts.

*United States v. TravelCenters of America,* 2007 WL 2994594, *3 (D. Or. 2007). That court essentially bifurcated the issues. It found that it lacked jurisdiction to consider the defendant's constitutional challenges to the FCC's forfeiture order, but concluded that it did have jurisdiction to consider the defendant's other defenses:

> In its counterclaim, Consumer Electronics attacks the Order from two angles. First, it argues that underlying agency action requiring the certification of transceivers that can be converted to CB radios was not properly enacted and is, therefore, not enforceable. Second, it argues that the Radio Sets do not fall within the definition of convertable transceivers. The first argument is an attack on an Commission action and must be filed in the court of appeals. The second argument is based solely on how the regulation applies to the Radio Sets and is appropriately filed in this court.

*Id.* at *4.

Federal courts maintain an independent duty to police their own subject matter jurisdiction, and it is in no party's interest for the court to enter a decision on the merits that is subject to reversal on jurisdictional grounds. Accordingly, because the issue has been raised but not afforded significant treatment in the briefs, the parties are directed to address the matters raised above and file supplemental briefs setting forth their positions as to whether this court may properly address all of the challenges raised by the defendant in defense of this forfeiture action. Such briefs should be filed by June 2.

3

**SO ORDERED** this 14th day of May, 2008.    s/ William C. Griesbach
                                                                                    William C. Griesbach
                                                                                    United States District Judge